UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ, CHARLES GRAEBER, and KIRK WALLACE JOHNSON, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>            Defendant. | Case No.  3:24-cv-05417-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's Order dated August 20, 2024 (Dkt. No. 5) and Civil Local Rule 16-9, the Parties to the above-captioned action (the "Action") submit this Joint Case Management Statement.

**I.      JURISDICTION, VENUE & SERVICE**

Plaintiffs assert that subject matter jurisdiction over Plaintiffs' claims is proper under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*  The Court has personal jurisdiction over Defendant, which is a citizen of the State of California.

Venue is proper under 28 U.S.C. § 1400(a) because Anthropic resides or may be found in this District. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

Plaintiffs served Defendant with the Complaint and Defendant executed a waiver of service of summons on September 5, 2024. ECF No. 12. Defendant's response to the Complaint is due on October 21, 2024 No party remains to be served.

**II.     FACTS**

**A.      <u>Plaintiffs' Statement</u>**

This case is about whether Anthropic's use of copyrighted books to train its large language models (LLMs) is copyright infringement.

Anthropic creates and markets a commercially successful family of LLMs called Claude. Claude is a chatbot that can digest and respond to text prompts in a way that is designed to mimic actual human expression. To develop its Claude models, Anthropic downloaded a large volume of copyrighted books—including books authored by Plaintiffs—to "train" the LLMs. In the training process, Anthropic's Claude LLMs ingests massive quantities of copyrighted works, reproduces them, and uses those works to calibrate itself to generate expression that mimics its training data. In this way, Anthropic has commercially reproduced and exploited the protected, expressive elements of Plaintiffs (and the class's) books without consent or compensation.

## B.    Defendant's Statement

Anthropic is an AI safety and research company that aims to create reliable, beneficial AI systems. Its core product is Claude, a family of large language models ("LLMs")—a text-based type of generative AI system that uses deep learning techniques and large data sets to understand, summarize, generate, and predict new content. Anthropic's Claude models perform tasks involving language, reasoning, analysis, and coding, among others.  Claude's users range from individuals seeking help with drafting e-mails or brainstorming or problem solving, to businesses wishing to enhance their internal functions, such as creating complex financial forecasts or production-level code, or their external-facing functions, such as delivering communications with a consistent brand voice to improve customer experience.

Plaintiffs are three book authors who seek to represent a class of book authors in asserting a single claim of direct copyright infringement against Anthropic. That claim is based solely on a theory that Anthropic's alleged intermediate use of copyrighted works to teach its generative AI models statistical patterns about how humans use language constitutes copyright infringement. There is no claim in this case that any output ever generated by any Anthropic generative AI model is substantially similar to any of the copyrighted works.

This case presents fatal procedural *and* substantive challenges. *First*, as will be addressed in Anthropic's forthcoming Motion to Dismiss, the Plaintiffs fail to adequately allege that *their* copyrighted works were in any dataset used by Anthropic. *Second*, with narrow exceptions, the putative class is sweepingly defined as: "[a]ll natural persons, estates, or literary trusts that are legal or beneficial owners of copyrighted works that: (a) are registered with the United States Copyright Office; (b) were or are used by Defendant in LLM training, research, or development, including but not limited to training Defendant's Claude family of models; and (c) are books. Obtaining certification for such a heterogenous proposed class—including at least owners of different types of legal or beneficial rights, different types of works that may or may not constitute "books," and different models used for different purposes—would also pose insurmountable challenges down the road.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-05417-WHA

Finally, even assuming the Plaintiffs could navigate or mitigate some of those issues via amendment of the complaint or narrowing of the class, they would still need to overcome the core, substantive problem with this case: The alleged model training is a paradigmatic fair use. No court has held that the making of internal-only copies in service of generating an ultimately non-infringing output constitutes infringement. Further, such intermediate use does not adversely impact any existing or potential market for Plaintiffs' copyrighted works.

## III.    LEGAL ISSUES

Plaintiffs contend the principal legal issues presented in this case include the following:

1.      Whether Plaintiffs may certify a class and subclass(es) under Rule 23 of the Federal Rules of Civil Procedure;

2.      Whether Defendant infringed Plaintiffs' copyrighted works by copying them without authorization for use in training its large language models, Copyright Act of 1976, 17 U.S.C. § 106;

3.      Whether Defendant willfully infringed Plaintiffs' copyrighted works by knowingly copying them without authorization for use in training their large language models, 17 U.S.C. § 106;

4.      Whether Defendant's copying of Plaintiffs' works falls within the doctrine of fair use, 17 U.S.C. § 107.

Defendant agrees that the principal legal issues in the case are whether the class Plaintiffs seeks to form is permissible, whether Plaintiffs can plead and prove the use by Defendant of Plaintiffs' copyrighted works, and whether any use by Defendant of Plaintiffs' copyrighted works is a permissible fair use.

## IV.    MOTIONS

No motions are pending at this time. Defendant intends to file a motion to dismiss the Complaint.

Plaintiffs anticipate a motion—at the appropriate time—for appointment of interim co-lead class counsel and a motion for class certification.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-05417-WHA

## V.     AMENDMENT OF PLEADINGS

Plaintiffs do not anticipate amending the Complaint at this time, but they reserve the right to file an amended complaint at an appropriate time and in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules of this Court.

## VI.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines").  Due to the Parties' misunderstanding of the docket order scheduling this conference, the parties have not yet conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties will do so on or before October 17, 2024.

## VII.   DISCLOSURES

Plaintiffs propose exchanging Rule 26(a)(1) initial disclosures by October 25, 2024.

Defendant believes that all discovery, including the exchange of initial disclosures, should be stayed pending the Court's consideration of its Motion to Dismiss the Complaint. To the extent the Court sets a deadline for this exchange, Defendant requests November 8, 2024.

## VIII.  DISCOVERY

Neither Plaintiffs nor Defendant have served discovery to date.

Plaintiffs anticipate seeking discovery of—*inter alia*—Anthropic's development of its large language model products including whether it used Plaintiffs' works in that development, Anthropic's notice and knowledge of using Plaintiffs' works, and the contribution of those works to the performance of Anthropic's products. As noted, Defendant believes that discovery should be stayed pending the Court's consideration of its Motion to Dismiss the Complaint.

## IX.    CLASS ACTIONS

As required by Civil Local Rule 16-9(b), all attorneys of record certify that they have reviewed the Procedural Guidance for Class Action Settlements and provide the following additional information regarding the Class Action allegations.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-05417-WHA

### A.    Plaintiffs' Statement

Plaintiffs assert that class certification is appropriate because Plaintiffs can prove the elements of their claims, including damages, on a class-wide basis using the same evidence as would be used to prove these elements in individual actions alleging the same claim.

Plaintiffs intend to request that the Court certify a class under Fed. R. Civ. P. 23(b)(3), Fed. R. Civ. P. 23(b)(2), and/or Fed. R. Civ. P. 23(c)(4).

Plaintiffs intend to request that the Court certify the following class:

> All natural persons, estates, or literary trusts that are legal or beneficial owners of copyrighted works that: (a) are registered with the United States Copyright Office; (b) were or are used by Defendant in LLM training, research, or development, including but not limited to training Defendant's Claude family of models; and (c) are books. The Class excludes Defendant, its officers and directors, members of their immediate families, their co-conspirators, aiders and abettors, and the heirs, successors or assigns of any of the foregoing.

Consistent with Rule 23(c)(1)(B)-(C), Plaintiffs may modify this definition of the putative class.

Plaintiffs seek to represent a class of owners of registered copyrights in books whose works were used by Anthropic to train its large language models. The complaint alleges that Anthropic committed copyright infringement when it downloaded a large trove of copyrighted books and reproduced those books for the purpose of training its large language models.

Publicly available data about Anthropic and the practices of AI companies more generally shows that Anthropic's conduct with respect to the class was uniform, as opposed to book-by-book. That is, Anthropic made a single decision to download a large volume of copyrighted works, without seeking authors' consent, and reproduce those works for the same purpose (AI training). Plaintiffs' and class members' claims will therefore rise or fall on common questions of law—only federal law is at issue—and fact.  The central issues include (a) whether Anthropic reproduced class members' works in the course of training its large language models; (b) whether Anthropic' s reproduction of class works was or was not fair use under 17 U.S.C. § 107; and (c) whether Anthropic' s infringement of the copyrights in class works was willful.

### B.    Defendant's Statement

Defendant does not believe that this case can be certified as a class action consistent with

Federal Rule of Civil Procedure 23. As set out above, the class presents significant commonality and typicality issues, among other obstacles to certification.

## X.     RELATED CASES

On August 27, 2024, pursuant to Civil Local Rules 3-12(b) and 7-11, Plaintiffs submitted an Administrative Motion to Consider Whether Cases Should Be Related to the *Concord Music Group et al. v. Anthropic PBC*, 24-cv-03811-EKL (N.D. Cal.) matter. *Concord* ECF. No. 215. On September 19, 2024, Judge Lee issued an order determining that these cases are not related. *Concord* ECF. No. 239. The Parties are not aware of any other related cases.

## XI.    RELIEF

Plaintiffs seek judgment against the Defendant and in favor of the proposed class, as well as the following relief: (a) the certification of the proposed class, the appointment of Plaintiffs' counsel as class counsel, and the designation of class representatives, under Rule 23; (b) the award of damages in favor of Plaintiffs and the class against Defendant for all damages sustained as a result of Defendants' violations of the Copyright Act, including statutory damages or (at Plaintiffs' election) actual damages, restitution, or disgorgement of profits and prejudgment interest thereon as permitted by law; (c) an order permanently enjoining Anthropic from engaging in their alleged infringing conduct; (d) an order awarding Plaintiffs and the proposed Class costs, expenses, and attorneys' fees as permitted by law.

Defendant does not believe that Plaintiffs are entitled to any relief in this action.

## XII.   SETTLEMENT AND ADR

Due to the Parties' misunderstanding of the docket order scheduling this conference, the Parties have not yet conferred pursuant to ADR L.R. 3-5 regarding ADR options/plans.  The Parties anticipate conferring and submitting a joint status report on this issue on before October 17, 2024.

## XIII.  OTHER REFERENCES

Neither party believes this matter is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-05417-WHA

**XIV.   NARROWING OF ISSUES**

At this time, the Parties know of no issues that can be narrowed by agreement. The Parties agree to work together in good faith to identify any such issues as the case progresses.

**XV.   SCHEDULING**

The parties have not had an opportunity to confer regarding a proposed schedule and request that the Court set a deadline of October 17, 2024, for the parties to submit proposed schedules to the Court.

To the extent the Court sets a schedule at the upcoming case management conference on October 10, Plaintiffs propose the following schedule, assuming discovery commences by October 25, 2024:

| Event | Plaintiffs' Proposed Date |
|---|---|
| Close of fact discovery | December 4, 2025 |
| Deadline for Plaintiffs' expert reports and motion for class certification | January 15, 2026 |
| Deadline for Defendant's expert Reports opposition to motion for class certification | February 26, 2026 |
| Deadline for Plaintiffs' Rebuttal Reports and reply in support of motion for class certification | March 26, 2026 |
| Hearing on motion for class certification | TBD |
| Close of Expert Discovery | April 16, 2026 |
| Deadline for motions summary judgment and *Daubert* motions | May 14, 2026 |
| Deadline for oppositions to summary judgment and *Daubert* motions | June 25, 2026 |
| Deadline for replies in support of summary judgment and *Daubert* motions | July 23, 2026 |
| Hearing on summary judgment and *Daubert* motions | TBD |
| Final pretrial conference | TBD |
| Trial | TBD |

Defendant requests that discovery be stayed pending consideration of its Motion to Dismiss the Complaint and that a discovery schedule be set only upon a ruling by the Court that Plaintiffs have adequately pled claims of copyright infringement. To the extent that the Court disagrees and also declines to give the parties until October 17, 2024, in order to meet and confer regarding the schedule, Defendant requests that the Court issue a schedule at this time only through the close of fact discovery in December 2025. Defendant believes that approximately ten to twelve months of discovery would be appropriate for a case of this nature, but it needs additional time to consider and confer regarding the interplay of class certification and summary judgment in this case.

## XVI.    TRIAL

The case shall be tried to a jury. The Parties cannot accurately predict the length of trial before discovery has begun. At this early stage, however, Plaintiffs anticipate trial would require between 10 and 15 days, and Defendants anticipate it could be completed within 7-10 days.

## XVII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIED OR PERSONS

Plaintiffs filed a Certificate of Interested Entities pursuant to Local Rule 3-15, on September 5, 2024. Dkt. No. 13. Plaintiffs restate the contents of their certification. Defendant will file a Certificate of Interested Entities that will list Google LLC, which is a wholly owned subsidiary of Alphabet, Inc.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX.    OPPORTUNITIES FOR JUNIOR LAWYERS

**Plaintiffs' Statement:** Counsel for Plaintiffs Susman Godfrey LLP (SG) and Lieff Cabraser Heimann & Bernstein (LCHB) both employ more than 50 lawyers. Three of the lawyers assigned to this case—Craig Smyser (SG), Anna Freymann (LCHB), and Jacob Miller (LCHB)—graduated from law school fewer than six years ago. While SG and LCHB cannot identify specific motions and depositions in light of the stage of this case, both firms commit to giving these three lawyers the opportunity to argue motions filed in this action, take depositions, and

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-05417-WHA

examine witnesses at trial. Mr. Smyser recently argued a discovery motion in another AI copyright action, *Authors Guild v. OpenAI, Inc.*, No. 1:23-CV-08292-SHS-OTW (S.D.N.Y.), and has taken depositions in other cases. SG and LCHB also commit to giving any additional junior lawyers staffed on these cases both stand-up and deposition opportunities.

**Defendant's Statement:** Counsel for Defendant Arnold & Porter Kaye Scholer LLP and Latham & Watkins both employ more than 50 lawyers. Two of the lawyers assigned to this case—Jessica Gillotte and Estayvaine Bragg, both in Arnold & Porter's San Francisco office— graduated from law school fewer than six years ago. Both firms commit to giving these lawyers the opportunity to argue motions filed in this action and take and defend depositions.

## XX.     PROTOCOL ON COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS

Consistent with Section 14 of the Court's Notice and Order re Putative Class Actions, the parties will meet and confer concerning a protocol regarding communications with putative class members and submit any such protocol, or explanation for why a protocol is not necessary, on or before October 17, 2024.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-05417-WHA

Dated:  October 8, 2024

Respectfully submitted,

By: */s/ Douglas Winthrop*

Douglas A. Winthrop (SBN 183532)
Joseph Farris (SBN 263405)
Jessica L. Gillotte (SBN 333517)
Estayvaine Bragg (SBN 341400)
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Douglas.Winthrop@arnoldporter.com
Joseph.Farris@arnoldporter.com
Jessica.Gillotte@arnoldporter.com
Estayvaine.Bragg@arnoldporter.com


Angel T. Nakamura (SBN 205396)
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Angel.Nakamura@arnoldporter.com


Joseph R. Wetzel (SBN 238008)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:  +1.415.391.0600
joe.wetzel@lw.com

By: */s/ Reilly T. Stoler*

Rachel Geman (*pro hac vice*)
Anna Freymann (*pro hac vice*)
Jacob S. Miller (*pro hac vice*)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com
jmiller@lchb.com


Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
rstoler@lchb.com


Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

- 11 -

Jordan W. Connors (*pro hac vice forthcoming*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

Scott J. Shoulder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
sshoulder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Class*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-05417-WHA

## CERTIFICATE OF SERVICE

I certify that on October 8, 2024 I emailed a copy of the foregoing on all counsel of record in this matter.

*/s/ Reilly Stoler*
Reilly Stoler

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:24-CV-05417-WHA