MICHELLE VISSER (SBN 277509)
mvisser@orrick.com
SARAH N. DAVIS (SBN 275145)
sdavis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant
Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE<br><br>              Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC., and<br>ACCENTURE LLP<br><br>           Defendants. | Case No. 3:25-cv-7671-CRB<br><br>**META'S OPPOSITION TO PLAINTIFF'S MOTION FOR A DISCOVERY MANAGEMENT SCHEDULING DIRECTIVE AND CROSS-MOTION TO REQUIRE PLAINTIFF TO SEEK LEAVE FROM THE COURT PRIOR TO FILING UNILATERAL DISCOVERY MOTIONS.** |

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

META'S OPPOSITION TO PLAINTIFF'S
MOTION FOR A DISCOVERY ORDER
3:25-cv-7671-CRB

Defendant Meta Platforms, Inc. ("Meta") by and through its undersigned counsel, hereby files its Opposition to Plaintiff's Motion for a Discovery Management Scheduling Directive (ECF No. 20) and Cross-Motion to Prohibit Plaintiff from Filing Any Further Discovery Motions Without Leave of the Court.  Plaintiff asks this Court to: (i) require Meta to conduct a Rule 26(f) conference by November 7, 2025, (ii) require the parties to file joint report on Rule 26(f) and preservation topics by November 12, 2025, and (iii) to require Meta and Accenture to meet and confer with Plaintiff separately.

All three requests should be denied.  First, Judge Breyer already denied Plaintiff's request to advance the Case Management Conference ("CMC") (ECF No. 20) and the related requirement to conduct a Rule 26(f) conference.  Specifically, in Meta's joint opposition to Plaintiff's motion to advance the CMC and cross-motion to continue the CMC, Meta argued "it would be more efficient for the parties to conduct their Rule 26(f) conference and for the Court to hold the CMC (if necessary) after Meta's motion [to dismiss] has been resolved."  ECF No. 27.  Judge Breyer agreed, holding "[i]n light of the anticipated motions to dismiss, the Court VACATES the initial CMC."  ECF No. 32.  Accordingly, Judge Breyer has already considered and rejected Plaintiff's request for an early Rule 26(f) conference and Plaintiff's attempt to circumvent that order should be rejected.  Second, Judge Breyer's denial of Plaintiff's request to advance the CMC also dictates that this Court should deny Plaintiff's request to convert the joint submission on preservation issues to a combined Rule 26(f) report for the same reasons. Third, Plaintiff's request for an order requiring Accenture and Meta to conduct separate meet and confer sessions with Plaintiff on his preservation demand to both parties conflicts with this Court's standing order on discovery, which requires counsel for all parties to a dispute to meet and confer and file a joint report.  It would also be inefficient to conduct separate sessions when the parties are required to file a single joint report.  Finally, Plaintiff's motion should be denied for the independent reason that he unilaterally filed the motion in contravention of this Court's standing order on discovery.

Meta also cross moves the Court to require Plaintiff to seek leave from this Court prior to filing any subsequent motions that are not joined by either Accenture or Meta.  As will be detailed in the forthcoming joint submission, this is not the first time that Plaintiff did not

META'S OPPOSITION TO PLAINTIFF'S
MOTION FOR A DISCOVERY ORDER
3:25-CV-7671-CRB

sufficiently meet and confer or filed a discovery motion unilaterally. Plaintiff did not meet and confer with Meta at all prior to Plaintiff filing a request for a preservation order, and Plaintiff had no basis to believe that Meta was acting inconsistently with its obligation to preserve potentially relevant documents and information when he filed the motion. Accordingly, in light of Plaintiff's persistent disregard of this Court's standing order and failure to adequately meet and confer before filing motions, Meta respectfully requests the Court to require Plaintiff to seek leave from this Court prior to filing any subsequent motions that are not joined by either Accenture or Meta.[1]

Dated: October 30, 2025

By: */s/ Michelle Visser*
_____
MICHELLE VISSER

ORRICK, HERRINGTON & SUTCLIFFE LLP

Attorney for Defendant Meta Platforms, Inc.

---

[1] Plaintiff also did not meet and confer with Meta prior to filing his motion to shorten time, which should likewise be denied based on Plaintiff's failure to comply with the local rules and because Plaintiff's purported rationale for requesting expedited briefing—the need for a 26(f) conference—has already been rejected by Judge Breyer.