Douglas A. Winthrop (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
Joseph Farris (Bar No. 263405)
Joseph.Farris@arnoldporter.com
Jessica L. Gillotte (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
Estayvaine Bragg (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:     (415) 471-3100
Facsimile:      (415) 471-3400

Angel T. Nakamura (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:     (213) 243-4000
Facsimile:      (213) 243-4199

Joseph R. Wetzel (Bar No. 238008)
Joe.wetzel@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:      (415) 391-0600

*Attorneys for Defendant* Anthropic PBC

**UNITED STATES DISTRICT COUT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, and KIRK WALLACE JOHNSON, and MJ + KJ, INC. individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANTHROPIC PBC,<br><br>    Defendant. | Case No. 3:24-cv-05417-WHA<br><br>**ANTHROPIC PBC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 8, Defendant Anthropic PBC ("Anthropic") hereby responds to the First Amended Class Action Complaint for Damages ("FAC") filed by Plaintiffs Andrea Bartz, Andrea Bartz, Inc., Charles Graeber, Kirk Wallace Johnson, and MJ + KJ, Inc., individually and on behalf of others similarly situated, ("Plaintiffs"), as follows.   All allegations not specifically admitted herein are denied.

## NATURE OF THE ACTION

1. Anthropic admits that it offers products based on large language models ("LLMs"), and that its principal offerings include the family of large language models known as "Claude." Otherwise, denied.

2. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning authorship, and on that basis denies them.  Otherwise, denied.

3. Denied.

4. Denied.

5. Anthropic admits that the quality of the data used to train its LLMs is one factor, among many others, that affects the performance of the LLM.  Anthropic admits that it has raised funding from Amazon and Google, among other investors.  Otherwise, denied.

6. Denied.

7. Anthropic admits that it is a registered public benefit company.  Anthropic admits that Dario Amodei is a co-founder of Anthropic PBC.  To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Otherwise, denied.

## JURISDICTION AND VENUE

8. For purposes of this action, Anthropic does not contest subject matter jurisdiction.  The paragraph otherwise contains legal conclusions to which no response is required.   To the extent a response is required, Anthropic denies the allegations of this paragraph.

9. For purposes of this action, Anthropic does not contest personal jurisdiction. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations of this paragraph.

10. Anthropic admits that its business is headquartered in this District. Anthropic also admits that it markets, sells, and distributes its LLMs to citizens of California. Otherwise, denied.

11. For purposes of this action, Anthropic does not contest venue. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations of this paragraph.

## THE PARTIES

12. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

13. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

14. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

15. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

16. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

17. Admitted.

## FACTUAL ALLEGATIONS

18. Admitted.

19. Admitted.

20. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source. Anthropic admits that Claude is useful for a variety of writing tasks. Otherwise, denied.

21.      Anthropic admits that it currently offers access to its Claude 3.5 Sonnet model for free, and offers access to increased usage caps and models like Claude 3 Opus and Haiku for a monthly cost of between $20 to $25 in some cases.  Anthropic admits that Claude can be accessed on Amazon Bedrock.  To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic admits that its customers include Slack, ZoomInfo, Bridgewater, LexisNexis, and Jane Street Capital.  Otherwise, denied.

22.      Anthropic admits that AI safety and developing AI responsibly are core parts of its mission.  To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Otherwise, denied.

23.      Anthropic admits that Claude is a type of large language model or "LLM."  Anthropic admits that building Claude required deriving statistical information from input data.  Anthropic admits that Claude uses that statistical analysis to generate human-like responses.  Otherwise, denied.

24.      Anthropic admits that building Claude requires breaking down input text into smaller pieces—words or portions of words, called "tokens"—and then training a model on those tokens.  To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Otherwise, denied.

25.      Anthropic admits that all of its LLMs are trained on a vast corpus of text.  To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Otherwise, denied.

26.      Denied.

27.      Denied.

28.      Anthropic admits that many LLMs go through a fine-tuning process, which may involve human supervision and smaller data sets.  Otherwise, denied.

29.      To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Otherwise, denied.

30.     Anthropic admits that the quality and the quantity of the training corpus contribute to the quality of the resulting model and that the phrase "garbage in, garbage out" is one way to describe that idea.  To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Otherwise, denied.

31.     Anthropic admits that Claude can support a context window of 100,000 tokens, or roughly 75,000 words, and generate responses to text provided in that context window.  Otherwise, denied.

32.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Otherwise, denied.

33.     Anthropic admits that it has used portions of the Pile in connection with the training of certain Claude models.  Otherwise, denied.

34.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

35.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

36.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

37.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

38.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

39.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

40.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

41.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

42.     Denied.

43.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that some of the quoted language appears in that source. Otherwise, denied.

44.     Anthropic admits that it has used portions of the Pile in connection with the training of certain Claude models.  To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.. Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

45.     Denied.

46.     To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Anthropic admits that the quoted language appears in that source.  Otherwise, denied.

47.     Denied.

1    48.    Anthropic lacks knowledge or information sufficient to admit or deny the
2  allegations regarding specific agreements involving OpenAI, Google, Meta, Axel Springer, News
3  Corporation, and the Associated Press, and on that basis denies them.  Otherwise, the remaining
4  allegations are denied.

5    49.    Denied.

6    50.    Denied.

7    51.    Anthropic lacks knowledge or information sufficient to admit or deny the
8  allegations of this paragraph, and on that basis denies them.

9    52.    Anthropic lacks knowledge or information sufficient to admit or deny the
10  allegations of this paragraph, and on that basis denies them.

11    53.    To the extent the allegations in this paragraph purport to quote from the source cited
12  in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic lacks
13  knowledge or information sufficient to admit or deny the allegations of this paragraph concerning
14  Kara Swisher or Jane Friedman, and on that basis denies them.  Otherwise, denied.

15    54.    To the extent the allegations in this paragraph purport to quote from the source cited
16  in a footnote, Anthropic admits that the quoted language appears in that source.  Anthropic lacks
17  knowledge or information sufficient to admit or deny the allegations of this paragraph concerning
18  Tim Boucher, and on that basis denies them.  Otherwise, denied.

19    55.    Denied.

20    56.    Denied.

21    57.    Anthropic admits that it has used portions of the Pile in connection with the training
22  of certain Claude models.  As to the remainder of the paragraph, Anthropic lacks knowledge or
23  information sufficient to admit or deny the allegations of this paragraph as to the rationale for
24  Plaintiffs' allegations in the Complaint, and on that basis denies them.

25    58.    Anthropic lacks knowledge or information sufficient to admit or deny the
26  allegations of this paragraph, and on that basis denies them.

27

28

59.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

60.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

61.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

62.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

## CLASS ALLEGATIONS

63.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

64.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

65.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

66.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

67.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

68.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

69.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

70.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

71.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

**CLAIM FOR RELIEF: Copyright Infringement (17 U.S.C. § 501)**

**Against Defendant Anthropic PBC**

72.     Anthropic incorporates by reference its responses to all allegations set forth in paragraphs 1–71 as if fully set forth herein.

73.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

74.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

75.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

76.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations of this paragraph.

77.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

78.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

**PRAYER FOR RELIEF**

1. In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

2. In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

3. In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

4. In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

5. In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

1

## DEMAND FOR JURY TRIAL

2      Anthropic demands a trial by jury on all issues so triable.

3

## AFFIRMATIVE DEFENSES

4      In further answer to the allegations made by Plaintiffs in the FAC, Anthropic asserts the

5  following affirmative defenses, without assuming the burden of proof on such defenses that would

6  otherwise fall on Plaintiffs.  Anthropic reserves the right to supplement or amend these defenses

7  during and after the course of discovery, and does not knowingly or intentionally waive any

8  applicable affirmative defense:

9

## FIRST AFFIRMATIVE DEFENSE

10

### (Failure to State a Claim)

11      Plaintiffs' claim fails, in whole or in part, because the FAC fails to state a claim upon which

12  relief may be granted and/or to state facts sufficient to constitute a claim for relief against

13  Anthropic.

14

## SECOND AFFIRMATIVE DEFENSE

15

### (Fair Use)

16      Plaintiffs' claim for direct copyright infringement fails, in whole or in part, because, to the

17  extent there is any unauthorized copying of any of Plaintiffs' registered copyrighted works, that

18  copying constitutes fair use under 17 U.S.C. § 107.

19

## THIRD AFFIRMATIVE DEFENSE

20

### (Volitional Conduct)

21      Anthropic did not have the volition required to be liable for copyright infringement.

22

## FOURTH AFFIRMATIVE DEFENSE

23

### (Copyright Standing)

24      At least Plaintiff Bartz's claim fails, in whole or in part, for lack of legal or beneficial

25  ownership sufficient to establish standing to sue for copyright infringement.

26

27

28

1

**FIFTH AFFIRMATIVE DEFENSE**

2

**(Works or Elements of Works Not Protectable by Copyright)**

3

Plaintiffs' claim fails, in whole or in part, to the extent they claim rights to elements of

4

works or to works which are not protectable under copyright law, such as under the doctrines of

5

scènes à faire, merger, the idea/expression dichotomy, or under 17 U.S.C. § 102(b).

6

**SIXTH AFFIRMATIVE DEFENSE**

7

**(De Minimis Copying)**

8

Plaintiffs' claim for copyright infringement fails, in whole or in part, because it is barred

9

by the doctrine of de minimis copying.

10

**SEVENTH AFFIRMATIVE DEFENSE**

11

**(Lack of Injury)**

12

Plaintiffs' claim fails, in whole or in part, because Plaintiffs have not suffered and are not

13

likely to suffer any injury or damages as a result of the conduct alleged of Anthropic in the FAC.

14

**EIGHTH AFFIRMATIVE DEFENSE**

15

**(Waiver, Estoppel, Laches)**

16

Plaintiffs' claim is barred, in whole or in part, by one or more other equitable doctrines,

17

such as waiver, estoppel, and laches.

18

**NINTH AFFIRMATIVE DEFENSE**

19

**(Implied/Express License)**

20

Plaintiffs' claim fails, in whole or in part, because the complained-of use was authorized

21

by express or implied license.

22

**TENTH AFFIRMATIVE DEFENSE**

23

**(Unavailability of Injunctive Relief)**

24

Plaintiffs' claim fails, in whole or in part, because Plaintiffs are not entitled to injunctive

25

relief, including because any injury to them is not irreparable, Plaintiffs would have an adequate

26

remedy at law, the balance of hardships favors no injunction, and the public interest is best served

27

by no injunction.

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

To the extent Plaintiffs establish any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed.  17 U.S.C. § 504(c)(2).

## TWELFTH AFFIRMATIVE DEFENSE

### (Unconstitutional Damages)

Plaintiffs seek improper damages in violation of the United States Constitution and other applicable law.  Any award of statutory or enhanced damages would constitute an unconstitutional penalty under the circumstances of this case, and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' remedies are barred at least in part by the applicable statute of limitations.

## RESERVATION OF ADDITIONAL DEFENSES

Anthropic's investigation of the claim and its defenses is continuing.  Anthropic has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Anthropic reserves the right to amend this Answer and/or its affirmative defenses.

## REQUEST FOR RELIEF

Therefore, Anthropic respectfully requests that this Court:

1. Enter judgment in Anthropic's favor and against Plaintiffs;

2. Deny certification of any class;

3. Dismiss the claim by Plaintiffs with prejudice;

4. Award Anthropic its costs of suit;

5. Award Anthropic its attorneys' fees to the extent permitted by law; and

6. Grant Anthropic such other and further relief as this Court deems just and proper.

Dated: December 18, 2024                    Respectfully submitted,


                                           By:  */s/ Douglas A. Winthrop*


                                           **ARNOLD & PORTER KAYE SCHOLER LLP**
                                               Douglas A. Winthrop
                                               Joseph Farris
                                               Angel Nakamura
                                               Jessica Gillotte
                                               Estayvaine Bragg

                                           **LATHAM & WATKINS LLP**
                                               Joseph R. Wetzel

                                           *Attorneys for Defendant,*
                                           ANTHROPIC PBC