# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ, CHARLES GRAEBER, and KIRK WALLACE JOHNSON, individually and on behalf of others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>              Defendant. | Case No.  3:24-cv-05417-WHA<br><br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING TRAINING DATA AND SOURCE CODE INSPECTION PROTOCOL** |

Upon the stipulation of the parties, the following protocol will apply to the inspection, review, and/or disclosure of Training Data and Source Code (collectively "Inspection Data") produced by Defendant Anthropic PBC ("Anthropic"). The Parties enter this without waiver of any argument that any data inspection would be warranted or appropriate in this case.

1. For the purposes of this protocol, "Training Data" and "Source Code" shall have the same meanings as set forth in the Order Adopting Stipulated Protective Order (With Conditions) entered November 18, 2024 (Dkt. 62) ("Protective Order"). The "Inspecting Party" shall be defined as all Plaintiffs collectively in the above-captioned case, including their attorneys of record, agents, retained consultants, experts, and any other persons or organization over which they have control.

2. Inspection Data shall be made available for inspection in electronic format at Anthropic's offices in San Francisco, CA, or at a secure location determined by Anthropic. Inspection Data will be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. In addition to making Training Data available for in-person inspection, the Parties may also agree to produce portions of Training Data for off-site inspection on a case-by-case basis.

3. Anthropic is in the process of setting up a review environment for Inspection Data. After the initial setup of the review environment is complete and the first day of inspection is conducted, the Inspecting Party shall give at least five (5) business days notice of any further inspection in that same review environment.

4. The parties will meet and confer in good faith concerning the scope of Inspection Data to be made available.

- 2 -

5. Inspection Data shall be designated "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to the Protective Order, and the Inspecting Party may disclose Inspection Data only to those authorized to view "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information under paragraph VII of the Protective Order, without prejudice to any party's right to challenge this confidentiality designation (or oppose a challenge to the confidentiality designation) at a later date. Any challenge to the confidentiality designation of the Inspection Data or portions thereof under this Inspection Protocol shall be written, shall be served on outside counsel for Anthropic, shall particularly identify the documents or information that the Inspecting Party contends should be differently designated, and shall state the grounds for the objection. The parties shall meet and confer in a good faith effort to resolve the dispute. Notwithstanding any challenge to a designation, the Inspection Data in question shall continue to be treated as "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" until one of the following occurs: (1) Anthropic withdraws such designation in writing; or (2) the Court rules that the Inspection Data in question is not entitled to the designation.

6. Nothing in this Inspection Protocol shall alter or change in any way the requirements of the Protective Order. In the event of any conflict, however, this Protocol shall control for any Inspection Data made available for inspection.

7. Inspection Data shall be produced for inspection and review subject to the following provisions. If Anthropic, notwithstanding its good faith efforts, believes that it cannot comply with any material aspect of this Protocol or if compliance with such material aspect would be unreasonable, Anthropic shall inform the requesting party in writing at

- 3 -

least three days before the date of inspection, and the parties shall meet and confer in good faith.

a. Inspection Data shall be made available by Anthropic in a secure room on a secured computer without external Internet access or network access to other unauthorized computers or devices. The secured computer(s) will contain a file in a commonly-used format that will provide a directory of the Training Data and brief descriptions of layout and format of the Inspection Data.

b. The secured computer(s) will be equipped with Python version 3.9 and the following Python packages pandas>=2.0.3, numpy>-1.26.0, scikit-learn>-1.3.0, and nltk>=3.8.1 as software tools. Anthropic will install additional software tools reasonably requested by the Inspecting Party to the extent additional search tools are necessary for the efficient viewing and searching of the Inspection Data made available for inspection. The Inspecting Party will communicate any technical concerns or objections regarding the hardware and software that is provided to conduct the Inspection Data review, and Anthropic will reasonably cooperate with the Inspecting Party. The parties shall meet and confer in a good faith effort to resolve the dispute, and if no resolution can be reached, Inspecting Party may seek any additional relief from the Court, including to enable a more efficient and/or effective review of the Inspection Data.

c. Anthropic shall provide the Inspecting Party with information explaining how to start, log on to, and operate the secured computer(s) in order to access the Inspection Data on the secured computer(s). Anthropic's outside counsel will be available electronically to make reasonable efforts to attempt to resolve issues that may arise during the course of inspection.

- 4 -

d.  The Inspecting Party's counsel and/or experts may request that software tool(s) and/or files be installed on the secured computer(s).  The Inspecting Party must provide Anthropic with the licensed software tool(s) and/or files, at the Inspecting Party's expense, at least five days in advance of the date upon which the Inspecting Party wishes to have the additional software tools and/or files available for use on the secured computer(s). In the event that Anthropic objects, the parties shall meet and confer in good faith in order to determine any issues with the installation of said software tool(s) and/or files on the Computer(s) prior to the inspection. Absent objection, Anthropic will install the requested software tool(s) and/or files prior to the inspection.

e.  No recordable media or recordable devices, including without limitation, computers, cellular telephones, cameras, other devices capable of recording, or drives of any kind, shall be permitted into the secured inspection room, except Anthropic may provide a limited-use note-taking computer at Inspecting Party's request, solely for note-taking purposes.  At the end of each day of inspection, the Inspecting Party shall be able to copy notes from the notetaking computer onto a recordable device, under the supervision of Anthropic.

f.  The Inspecting Party's counsel and/or experts may take handwritten notes or electronic notes on the note-taking computer in scratch files, but may not copy any Inspection Data itself into any notes.  For the avoidance of doubt, this provision shall not prevent the Inspecting Party's counsel and/or experts from recording in their notes particular items, files, or categories of items or files contained in the Inspection Data. The Inspecting Party will not waive any applicable work-product protection over their electronic notes by saving them to

- 5 -

the note-taking computer temporarily and should not be reviewed by counsel of the Producing Party. Any notes related to the Inspection Data will be treated as "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

g.  Anthropic may visually monitor the activities of the Inspecting Party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Inspection Data. Any monitoring must be conducted from outside the room where the inspection is taking place.

h.  No copies of all or any portion of the Inspection Data, or other written or electronic record of the Inspection Data, may leave the secured room in which the Inspection Data is inspected except as provided herein. The Inspecting Party may obtain printouts of reasonable portions of the Inspection Data and electronic notes taken on the note-taking computer to prepare court filings or pleadings or other papers (including a testifying expert's expert report) by following the procedures provided herein. For purposes of this Protocol, references to "print," "printing," or "printouts" are understood to refer to a Bates-stamped electronic production (as described in this Paragraph). To make a request, the Inspecting Party shall create a directory entitled "Print Request" and save the desired reasonable portions of the Inspection Data or notes in that directory. The beginning of each portion of Inspection Data the Inspecting Party wishes to print must include the filename, file path, and line numbers where the material was found in the Inspection Data or other information that allows for specific identification of the material. The Inspecting Party shall alert Anthropic that it

- 6 -

has saved the desired reasonable portions of the Inspection Data in the "Print Request" directory that it requests to be printed. In the event that the Inspecting Party automates (e.g. runs a script) the ongoing selection of material for inclusion in its Print Request directory, Inspecting Party will provide an estimated time of completion and instructions for how to check the automated process for completion at reasonable intervals (not more than once per day). Anthropic will promptly notify the Inspecting Party when the automated process has concluded.[1] Upon receiving a request, Anthropic shall place a Bates number and the label "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on all requested pages. Within 5 business days from the date of request, Anthropic shall either (i) produce electronic versions to the Inspecting Party's counsel, or (ii) inform the Inspecting Party that Anthropic objects that the requested portions are excessive, not for a permitted purpose, and/or not justified (*see, e.g.*, Fed. R. Civ. Pro. 26(b)). In the event that Anthropic objects, the parties shall meet and confer within 3 business days of Anthropic's notice of its objection. If, after meeting and conferring, Anthropic and the Inspecting Party cannot resolve the objection, the Inspecting Party shall be entitled to seek a Court resolution of whether the requested Inspection Data should be produced. Any limit that the parties may agree to on Source Code printing will not necessarily be the same as any limit on Training Data printing.

[1] For the purposes of this provision, the date of that notice will serve as the date of the Inspecting Party's request for production of its Print Request.

i. All persons who will review Anthropic's Training Data on behalf of an Inspecting Party, including the Inspecting Party's counsel, must qualify under paragraph VII of the Stipulated Protective Order as an individual to whom "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information may be disclosed, and must sign the Non-Disclosure Agreement attached as Exhibit A to the Protective Order. All persons who review Anthropic's Inspection Data in the secured inspection room or on the secured computer(s) on behalf of an Inspecting Party shall also be identified in writing to Anthropic at least three days in advance of the first time that such person reviews such Inspection Data.  All authorized persons viewing Inspection Data in the secured inspection room or on the secured computer(s) shall, on each day they view Inspection Data, sign a log that will include the names of persons who enter the locked room to view the Inspection Data and when they enter and depart.  Proper identification of all authorized persons shall be provided prior to any access to the secured inspection room or the secured computer(s) containing Training Data.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secured inspection room or the secured computer(s) may be denied, at the discretion of Anthropic, to any individual who fails to provide proper identification.

j. Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this protocol, the Inspecting Party's counsel

- 8 -

and/or experts shall remove all notes, documents, and all other materials from the secured inspection room. Anthropic shall not be responsible for any items left in the room following each inspection session, and the Inspecting Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

k.   Other than as provided above, the Inspecting Party will not copy, remove, or otherwise transfer any Inspection Data from the secured computer(s) including, without limitation, copying, removing, or transferring the Inspection Data onto any recordable media or recordable device except in the limited ways contemplated by the procedures in paragraph 7(h) above.  The Inspecting Party will not transmit any Inspection Data in any way from Anthropic's facilities.

l.   Notwithstanding any provisions of this Protocol or the Protective Order, the Parties reserve the right to amend this protocol either by written agreement or Order of the Court upon showing of good cause.

**IT IS SO ORDERED.**

DATED: _____

_____
WILLIAM H. ALSUP
United States District Judge

- 9 -

JOINT STIPULATION AND [PROPOSED] ORDER
RE INSPECTION DATA PROTOCOL
CASE NO. 3:24-cv-05417-WHA

**IT IS SO STIPULATED.**


Dated:  February 11, 2025                    Respectfully submitted,


By: */s/ Jessica L. Gillotte*                    By: */s/ Rohit D. Nath*

Douglas A. Winthrop (SBN 183532)
Joseph Farris (SBN 263405)
Jessica L. Gillotte (SBN 333517)
Estayvaine Bragg (SBN 341400)
**ARNOLD & PORTER KAYE SCHOLER
LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Douglas.Winthrop@arnoldporter.com
Joseph.Farris@arnoldporter.com
Jessica.Gillotte@arnoldporter.com
Estayvaine.Bragg@arnoldporter.com

Angel T. Nakamura (SBN 205396)
**ARNOLD & PORTER KAYE SCHOLER
LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Angel.Nakamura@arnoldporter.com

Joseph R. Wetzel (SBN 238008)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600
joe.wetzel@lw.com

*Attorneys for Defendant,*
ANTHROPIC PBC

Rachel Geman (*pro hac vice*)
Wesley Dozier (*pro hac vice*)
Anna Freymann (*pro hac vice*)
Jacob S. Miller (*pro hac vice*)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com
jmiller@lchb.com

Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
rstoler@lchb.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
Collin Fredricks (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

JOINT STIPULATION AND [PROPOSED] ORDER
RE INSPECTION DATA PROTOCOL
CASE NO. 3:24-cv-05417-WHA

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS**
**& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Class*

**ATTESTATION**

I hereby attest that I have obtained the concurrence of all other signatories in the filing of this document.

Dated: February 11, 2025

By: */s/ Rohit D. Nath*

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

*Attorney for Plaintiff and the Proposed Class*

- 11 -

JOINT STIPULATION AND [PROPOSED] ORDER
RE INSPECTION DATA PROTOCOL
CASE NO. 3:24-CV-05417-WHA

## CERTIFICATE OF SERVICE

I certify that on February 11, 2025, I emailed a copy of the foregoing on all counsel of record in this matter.

*/s/ Collin Fredricks*

Collin Fredricks

- 12 -

JOINT STIPULATION AND [PROPOSED] ORDER
RE INSPECTION DATA PROTOCOL
CASE NO. 3:24-CV-05417-WHA